```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          PORTLAND DIVISION



JAMES LELAND,                              10-CV-1319-ST

        Plaintiff,
                                           OPINION AND ORDER
v.

BAC HOME LOANS SERVICING, LP,
and BANK OF AMERICA, N.A.,

        Defendants.


JAMES LELAND
61555 Ren Way
St. Helens, OR 97051
503-397-1836

        Plaintiff, Pro Se
```

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Petition (#4) for Temporary Restraining Order and Motion (#6) for Preliminary Injunction. For the reasons that follow, the Court

1 - OPINION AND ORDER

concludes oral argument would not be helpful and **DENIES** Plaintiffs' Motions.

Plaintiff James Leland seeks an injunction against Defendants to halt the foreclosure of Plaintiff's mortgage and a Trustee's sale of his residence at 61555 Ren Way, Saint Helens, Oregon 97051, which Plaintiff asserts is scheduled for November 3, 2010.

The Ninth Circuit recently restated the test for a temporary restraining order (TRO) as set out by the Supreme Court:

> "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."
>
> To the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable.

*Am. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)(quoting *Winter v. Nat. Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)).  The standards for issuance of a TRO are "essentially identical" to those for issuing a preliminary injunction.  *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010).

The Court has reviewed Plaintiff's submissions as well as his Complaint.  Plaintiff brings claims for breach of fiduciary duty; negligence; fraud in the inducement; breach of the implied

2 - OPINION AND ORDER

covenant of good faith and fair dealing; violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*; and intentional infliction of emotional distress.

Plaintiff's claims appear to arise from the refinancing of the mortgage on his home. Plaintiff, however, does not provide any facts as to the date he refinanced his mortgage, the entity with whom he refinanced, if and when he failed to make payments on his refinance, and if and when one or more Defendants informed him that he was in default on his refinance agreement. In addition, Plaintiff does not allege or show Defendants made any false representations specific to Plaintiff's refinance on which Plaintiff relied to his detriment at the time he refinanced his mortgage, and, therefore, he has not offered any evidence to support his claim of fraud in the inducement under Oregon law. *See Webb v. Clark,* 274 Or. 387, 391 (1976)(setting out the elements of fraud under Oregon law). Plaintiff also fails to allege any facts specific to his situation to support his claims for breach of the duty of good faith and fair dealing and violation of TILA. *See Klamath Off-Project Water Users, Inc. v. Pacificorp*, 237 Or. App. 434 (2010)(setting out elements of a claim for breach of the duty of good faith and fair dealing). *See also Hoffman v. Indymac Bank FSB*, No. C-10-0802 MMC, 2010 WL 3463641, at *5 (N.D. Cal. Aug. 31, 2010), and *Goodwin v. Ca. Reconveyance Co.*, No. S-09-3191MCEGGHPS, 2010 WL 3341831 (E.D.

3 - OPINION AND ORDER

Cal. Aug. 23, 2010)(evaluating TILA claims generally).  Moreover, Plaintiff's allegations regarding the alleged bad practices of the mortgage industry in general are not sufficient to establish that Plaintiff is likely to succeed on the merits of this action.

Accordingly, for purposes of these Motions only, the Court concludes Plaintiff has not demonstrated the necessary likelihood of success on the merits of his claims.  The Court, therefore, concludes Plaintiff has not satisfied his burden with respect to his Motions for a temporary restraining order and for a preliminary injunction.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Petition (#4) for Temporary Restraining Order and Motion (#6) for Preliminary Injunction.

IT IS SO ORDERED.

DATED this 27th day of October, 2010.

　　　　　　　　　　　　　　　　　/s/ Anna J. Brown
　　　　　　　　　　　　　　　　ANNA J. BROWN
　　　　　　　　　　　　　　　　United States District Judge